I'm here on behalf of Mr. Reina-Rodriguez, the appellant. I'd like to reserve a minute in rebuttal, if I may. This matter is on direct appeal from the District of Arizona, where my client was convicted of the illegal re-entry after deportation. The first issue here is whether or not Mr. Reina-Rodriguez's prior burglary qualifies as a generic burglary and  whether or not it's a crime of violence under Section 2L1.2 of the Sentencing Guidelines. Take us through what, there's some handwritten changes, is that right? That's correct. Describe how, well, describe that. Okay, in the information, Your Honor. And that is on page 2 of the excerpt's record. Mr. Reina-Rodriguez originally was charged in Count 1 with an aggravated burglary, a first-degree felony in Utah. And apparently that was amended to a second-degree burglary. This is written, handwritten? Yes, yes. What happened was the word aggravated was deleted, is that correct? Yes, sir. And it was amended to burglary, a second-degree felony.  Yes, sir. All right. That's my understanding. And that's not further clarified in the other document that we submitted. Well, is there any crime that is second-degree burglary that does not involve a dwelling? Yes, I believe. What? Attempt or conspiracy to commit or solicitation to commit first-degree burglary does not involve a dwelling. An attempt is the aggravated, right? That's correct. So if it's an incompleted first-degree burglary, then that amounts to a burglary that is a second-degree felony. But how can you deal with, how do you explain the deletion of the word aggravated here then? I can't, Your Honor. I can't. It doesn't make sense of what's happening. Yeah, yeah. I mean, really, from the record, it's not clear why just aggravated was deleted. There's no change, I would note, in the statute. The statute in the information still remains 76-6203 in Utah, and that is the aggravated burglary statute. Well, we'll give the government's view on it, but your position is that secondary degree could also involve an attempt. Yes. Attempted aggravated. It could involve attempted aggravated, Your Honor. It could involve solicitation to commit an aggravated burglary and also a conspiracy to commit. The only thing that bothers me about that is once you cross off the word aggravated, it seems to me that you've lost that argument. That, I would just argue. Or one of you, that's all. I would, that's the first time I noticed that today, Your Honor. But I would point out that the burden is on the government to prove by clear and convincing evidence. Let me ask you a question along that line because that's been bothering me as well. I noticed that the other language that deals with an aggravated burglary was not deleted or stricken from the information. So, for example, it still talks about the use of force or explosive devices or what have you. Why was that not deleted? I'm not sure, Your Honor. I would just point out that not all of that language in that statute or in the information encompasses what would necessarily amount to a crime of violence. And the subsection under which Mr. Rayner pled, if it is B or C, and if it is an aggravated burglary, could include possession of a dangerous weapon. We don't know where that is, but that necessarily is not use or threatened use of a weapon which would amount to a crime of violence. So under Utah law, you could be convicted of a second-degree burglary for attempting to use or to possess a dangerous weapon? Yes, Your Honor. And you're saying that you don't think that would qualify as a crime of violence under the sentencing guideline? That's correct. Not the possession. Certainly the use would. But, again, that's not clear and it's certainly not convincing from the documents that the court has before it. And, again, even if, as Judge O'Scanlan hinted, if the court finds that this is a burglary of a dwelling, there's still the issue as to what is a dwelling in Utah. I mean, a dwelling is a building, and a building, as our brief points out, is defined very expansively. The probation officer found that it was defined expansively beyond what would amount to categorically to be a generic burglary. But didn't Taylor resolve that or not? I don't believe so, Your Honor. All right. I think this court's holding and Winter is controlling here. But Winter talks about a motorhome or a vehicle being modified in order to create a habitable place. And Utah law specifically talks about the fact that a dwelling is a car, a boat, an aircraft, or a building that is used for habitation purposes. Right. So isn't that, in essence, what Winter stands for? That is, you can have a car or a motorhome or a camper, and if it's modified for habitation purposes, it is a dwelling? Well, I think, one, the Utah statute also talks about these types of structures and buildings being used to carry on commercial activities, but also Winter, in addressing the language in that. But the subsection of the Utah statute specifically talks about it being used for habitation. Even though it might be a commercial building, it is still used for habitation purposes, which is what Winter essentially stands for, right? Yes. But then there are two things here. Then we would get into an analysis of, you know, how far is the court willing to take that based on these documents? I mean, is it clear that this isn't primarily a place of commerce or a place of dwelling? And also the statute in Washington that Winter dealt with specifically refers to, in places that are outside of the Taylor definition or Taylor structure, specifically refers to, for instance, in Washington, fence yards that are used for lodging. And I think here the Utah statute just couches that in a different way and says we're talking about places that are used for overnight accommodation. And then we could really get into splitting hairs. Like I said, I mean, is a camper used for overnight accommodation to satisfy Taylor if you store your tools in it but camp, you know, on the weekends? Again, that's not clear from the documents that are before the court. Counsel, do you want to talk about sentencing? Yes, Your Honor. Thank you. As to the sentencing, our position is that under Booker the sentence is unreasonable. The court primarily relied in coming to its decision on the government's plea policy in this matter. Our position is that that does not constitute individualized sentencing, that the government's plea policy should not dictate what Mr. Rayner Rodriguez's sentence was either above or below that. 3441 was complied with here, was it not, in terms of the other factors? Yes. I believe the judge did mention Mr. Rayner Rodriguez's age once, and he also mentioned discounted the other factors I was seeking cultural status. But he went through that exercise. I think he gave it lip service. But he mentioned it, you know, in ER 11, ER 13, twice, and ER 14. I must pay respect for the plea policy. Well, the thrust of my question to you is this. Is 3441 a floor or a ceiling? In other words, can't the judge also take into account additional factors beyond those that are mentioned in 3441? He certainly can, Your Honor, but those factors must be permissible under Booker. And I don't think the government's plea policy is a factor, obviously, that isn't facially mentioned in 18 U.S.C. 3553. Isn't disparity in sentencing one of those factors that a judge can't take into account? Yes. Doesn't plea bargaining or the plea arrangement, doesn't that, in fact, take into account the disparity of sentencing? Certainly. And this Court's case law, or in other cases that have come before the Court, the defendants have pointed to fast-track plea policies. For instance, in your district, we have a fast-track plea policy. I'm not pointing to that plea policy as a reason for which my client should get a lower sentence. All I'm saying is that plea policy should not be factored into the Court's determination, which is basically, logically, if you flip it, which is what this Court has said, it should not factor into his individualized sentencing of my client. Counsel, you've got less than a minute left. You'd like to reserve? Yes. You may. We'll hear from the government. Good morning. May it please the Court. I'm Susan Baumann from the District of Arizona for the United States. The district court properly enhanced the defendant's sentencing by 16 levels on the basis of his prior conviction for a crime of violence. As we discussed in our brief, the defendant's Utah conviction for burglary in the second degree is burglary of a dwelling. It is categorically a crime of violence, and it facially falls within Taylor's broad generic definition of burglary. Let me ask you a question. We were talking about the fact that there was the word aggravated that was struck through in the information. Is there anywhere in the information that you can point me to where it talks about that 1321 or 1231 address as being a residence or a dwelling? Because I did not see that anywhere. The word dwelling is not in there, and the address is 2521 Gramercy. That's it. And in United States v. Kilgore, which is in our 28-J letter, we indicate to the court that when something is denoted with a common street address, it can be referred to as a building or dwelling within the generic definition of burglary, and that was a 1993 case from this court. In addition, I'm sorry. Counsel, you refer to a 28-J letter. I do not appear to have received a 28-J. When was it sent? It was sent on Thursday, and I know that counsel did receive a copy. I don't have it either. It hasn't made it to the court yet, but that's all right. Unfortunately, the faxed copy didn't make it to me, so I can't hand one up to the court, but I know it was submitted. We'll have a look at it when it finally gets to us. If I may, I know the case is on there, United States v. Kilgore. Kilgore. United States v. Marcial Santiago, and then U.S. v. Naramore. We'll see the letter when it gets to us. If I may address, State v. Cox is a Utah case from 1992, and it indicates that if a building is commonly denoted, if the structure is used for overnight accommodation, then it is necessarily a dwelling under Utah law. But how do you know that from looking at the information? Well, the information itself indicates that the defendant was convicted of amended burglary, and if you also look, I don't think you can look just at the information. I think that you also need to look at the judgment of conviction, and I think the court can give greater weight to the judgment of conviction. And the judgment of conviction is a second-degree burglary? Yes, and it states three separate times in the judgment of conviction that the defendant was convicted of burglary per ends amended, second degree. And in Utah, a burglary is a third-degree burglary unless it's burglary of a dwelling, in which case it's burglary in the second degree. Now, what about counsel's response on that point? I specifically asked him about that, and he says, well, a second degree can also be an attempted aggravated. But nowhere in the statute of conviction does it say attempted burglary, solicitation of burglary, or facilitation. It specifically says burglary per ends amend in the second degree. Right, but you can have a second-degree burglary under Utah statute in two circumstances. If you have an attempted first degree, right, or a burglary of a dwelling, correct? Yes. But it doesn't say either in the judgment of conviction. It just simply says second-degree burglary, right? So it could be either one. Well, the government submits that because the words attempted, facilitated, or solicited are not present anywhere on that document, that it is not. But what about the aggravating language where it talks about the use of force and explosives, et cetera, that were not deleted from the information? Those were left in the information. They were, but I think that the court can give greater weight to the conviction document, which specifically addresses that he was convicted of burglary in the second degree. Okay. And I understand what the court is saying, but I do not think that ‑‑ I think if he had been convicted of an attempted burglary or solicitation of a burglary in the first degree, that it would have been on the conviction document, and it is not present on that document. Do you mind if I ask another question? I'm sorry. The Utah statute allows for a conviction for burglary if you lawfully enter premises and then form the intent to commit a theft, for example, right? I believe ‑‑ Right? Yes. Okay. Isn't that specifically or precisely what Taylor says is the type of statute that does not fit within a generic burglary definition? No. I believe that the Utah cases that address this issue are specifically dealing with the unlawfully remaining in a structure, and I believe that the Utah courts specifically exclude the concept that you can be convicted of burglary if you enter innocently and that the unlawfully remaining portion requires that the intent ‑‑ I'm sorry. I think that the Utah court's interpretation is much more narrow, like in Bonat or in Wenner. The interpretation of their statute requires more than just that the intent be formed at the time that the defendant enters the building, and it really addresses the unlawfully remaining in portion of the statute, and I think that that is specifically what is addressed in Taylor. The generic burglary definition under Taylor is actually quite broad, and it requires that the defendant either have an unlawful entry or unlawfully remaining in the building or the structure. Right. So if you unlawfully remain in the building, even though you lawfully entered, you can be convicted of burglary under the Utah statute. But you must unlawfully remain in. Yes, but that is still a narrow construction that is acceptable under Taylor and under the generic burglary definition set forth in Taylor. Because in Taylor it specifically indicates you can unlawfully enter or unlawfully remain in, and I don't think that's precluded by the generic definition in Taylor. Do you want to say anything about the sentencing? Yes. It's the government's position that the sentence in this case was presumptively reasonable. It was reasonable for the court to consider the government's plea policy, and it was reasonable to consider whether or not the defendant was offered an agreed-upon departure. Do you have authority? I'm sorry? Do you have any authority for that position? We, in the 28J letter, which addresses me no more. It's in the 28J letter. All right. It indicates that incentives for plea bargaining are not unconstitutional merely because they're intended to encourage a defendant to forego constitutionally protected conduct. In addition, the government believes that it would inject disparity into sentencing if the court were to treat differently situated defendants the same. This defendant pled guilty without the benefit of the plea agreement. He was not given an adjustment under savings or 5K3.1 or a fast-track program. And were the court to treat him the same as an individual who had accepted a plea agreement, it would inject disparity into his sentencing. The fact that the court chose not to look at the defendant as similarly situated was not unreasonable. This defendant was also given a sentence six months below the advisory guideline range. His guideline range was 57 to 71 months, and the court chose to give him a sentence of 51 months, and that sentence was not unreasonable. Anything further, counsel? One more question. If I could go back to the issue of whether or not this is a burglary within the definition of Taylor. As I recall, the district judge took judicial notice of, I think it was, tax assessor's records, if I'm not mistaken. Property record. Right. Is there anything that you can point us to that says that a sentencing judge can, in fact, look to those types of documents in order to make a determination as to whether or not the premises were constituted a dwelling? There's nothing I can point to. I believe that the court in, I believe it's ER 12-14, addresses that it was not the judicially noticeable documents that they use in a modified categorical approach, but that he could take judicial notice of the address and the fact that it is, in fact, a residential building and a dwelling. But in the court's order denying the Rule 35 motion, he specifically indicates that he based his decision to assess the 16-level enhancement because burglary in the second degree in Utah is burglary of a dwelling. So although he did mention it at the original sentencing when he denied the Rule 35 motion, he didn't rely on his use of the Internet or his review to come to his determination that the defendant should be assessed a 16-level enhancement. Thank you. Thank you, Counsel. Mr. Kilburn, you have a few seconds, I believe. Just quickly, Your Honor, thank you. To get to Judge Benitez's point in regards to the Internet searches, I think that's exactly the kind of many trials that Taylor informs us to avoid. I mean, what is the next step where I'm going to call the police officers and fill out the reports? Shepard recently clearly advised against something like that. I could put my client on the stand. He could say this was a vehicle involved. As to the information, I would note, again, that the statute was not amended, and nowhere in the documents that we provided the court in the record of conviction is dwelling ever mentioned.  Can I ask you a question? If we struck that aggravating language, the use of force, et cetera, if we struck that from the information, it would necessarily imply that it was a burglary of a dwelling, wouldn't it? Because that's the only other kind of second-degree burglary you could have under the Utah statute. Isn't that right? If you struck the use of force language? Yes. Under aggravated burglary, only if you strike that language. Or, excuse me, that language only appears in the aggravated burglary statute. It's a residential or dwelling burglary, right? If that language is struck, yes. Otherwise, it's a third-degree burglary. But, again, that language isn't struck here. And, again,  in Utah. And dwelling isn't mentioned anywhere in the documents before the court. And the court did bring up the intent issue, and I think that's a very important issue that's covered by the courts holding in Manhattan. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: Hug, O'scannlain, Benitez